UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| RICKY UPCHURCH, as Executor of the Estate of JUANITA UPCHURCH, for the Use and benefit of the Next of Kin, CLAYTON UPCHURCH, <br><br>   *Plaintiff*, <br><br> v. <br><br> MUTUAL OF OMAHA, INSURANCE COMPANY, <br><br>   *Defendants*. | NO. 2:19-CV-00148-DCLC |

## MEMORANDUM OPINION AND ORDER

Mutual of Omaha Insurance Company, ("Mutual of Omaha"), has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [Doc. 24], as well as a Memorandum in Support [Doc. 26]. Plaintiff, Ricky Upchurch, as executor of the estate of Juanita Upchurch, ("Upchurch"), has responded in opposition to the motion [Docs. 27, 28]. Defendants have filed a Reply [Doc. 29]. This matter is now ripe for resolution. Defendant's Motion to Dismiss [Doc. 24] is **DENIED** in part. As further explained in this order, Plaintiff shall address whether he can maintain a cause of action under Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-109, against Mutual of Omaha in light of Tenn. Code Ann. § 56-8-113. Plaintiff shall file a response by **October 19, 2020**.

I.  FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2014, Clayton Upchurch was driving his motorcycle in Nevada when another vehicle entered his lane of travel, causing him to lose control of his motorcycle [Doc. 22,

1

¶ 4, 5]. The Amended Complaint alleges that "[u]pon arrival of emergency responders, [Clayton Upchurch] was immediately taken to the hospital. After multiple visits to local hospitals in Nevada, [Clayton Upchurch] succumbed to his injuries and passed away on August 22, 2014." [Doc. 22, ¶ 7-8]. The Death Certificate lists the immediate cause of death as "metastatic adenoid cystic carcinoma" and lists other significant conditions contributing to his death as "blunt force chest trauma due to motor vehicle collision" [Doc. 1, pg. 21]. It describes his death as an "accident." In a letter to Ms. Angela Smith, the Clark County Office of Coroner/Medical Examiner described the "Manner of Death: Accident.[1]" [*Id.* at 22].

The Amended Complaint alleges that Mutual of Omaha had issued an accidental death insurance policy to Clayton Upchurch and that he was current on his premiums as of the date of his death. [Doc. 22, ¶¶1,2]. The Amended Complaint further alleges that "[t]he relatives of the decedent, pursuant to the terms of the policy, gave proper notice as required by said policy of insurance and complied in all particulars with the terms and condition of the policy." [Doc. 22, ¶ 11]. It further alleges that Mutual of Omaha has "effectively den[ied] this claim" despite their exercise of diligent efforts to collect on this policy. [*Id.* at ¶ 12].

As a result of the denial, on July 1, 2019, Plaintiff filed a complaint in the Chancery Court for Sullivan County [Doc. 1-1, pg. 4]. Mutual of Omaha removed the case to this Court on August 14, 2019. On August 21, 2019, it filed an Answer [Doc. 8]. On November 19, 2019, Plaintiff filed his Amended Complaint [Doc. 22]. Rather than answering the Amended Complaint, as it had done initially, Mutual of Omaha filed its Motion to Dismiss for failure to state a claim [Doc. 24].

---

[1] Both the Death Certificate and the letter were Exhibits to Plaintiff's Complaint. "When a court is presented with a 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Coll. Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)

2

## II. ANALYSIS

### A. Standard of Review

Mutual of Omaha seeks a full dismissal of this action under Fed.R.Civ.P. 12(b)(6), arguing that Plaintiff has failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In ruling on a motion to dismiss, the Court is required to "construe the complaint in a light most favorable to the plaintiff, accept all of the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard v. Weitzman* (*In Re DeLorean Motor Co.*), 991 F.2d 1236. 1240 (6th Cir. 1993); *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). In other words, and when a claim could be construed as communicating more than one inference, "it must be construed in the plaintiff's favor." *Id.* (citing *Allard*, 991 F.2d at 1240; *Mayer*, 988 F.2d at 638). For this reason, "a judge may not grant a Rule 12(b)(6) motion based on a disbelief of a complaint's factual allegations." *Id.* (citing *Allard*, 991 F.2d at 1240; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990)).

Even still, our nation's highest Court has clearly opined that a plaintiff must supply more than bare-bones allegations in order to prevail over a defendant's 12(b)(6) motion to dismiss. *E.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). In keeping with both the Court's command in *Iqbal* and with the so-called well-pleaded complaint rule established by Fed.R.Civ.P. 8(a), a plaintiff need not proffer "detailed, factual allegations," but they must, at a minimum, bring to light something more than a "defendant-unlawfully-harmed-me accusation." *Id.* at 678. A plaintiff's claim will satisfy this standard when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

3

**B. Mutual of Omaha's Motion to Dismiss [Doc. 24].**

Mutual of Omaha has filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim under the policy and under the Tennessee Consumer Protection Act (TCPA). Regarding Plaintiff's claim under the policy, it claims the complaint should be dismissed for four reasons. First, it claims that Clayton Upchurch's death is a not a covered injury. Second, it claims that "the circumstances of [his] death are listed as one of the exclusions under the policy" [Doc. 26, pg. 2]. Third, it claims Clayton Upchurch's "relatives never submitted proof of loss to Mutual of Omaha." [*Id.*]. Fourth, it argues the Complaint was not timely filed within the time prescribed by the policy. On the TCPA claim, it argues that the claim is time barred and Plaintiff has not otherwise adequately plead it consistent with Fed.R.Civ.P. 8.

**1. Whether Clayton Upchurch's death is a "covered" injury or otherwise excluded by the terms of the policy.**

"First," argues the Defendant, "Mr. Upchurch's death was not a covered 'injury,' which is a defined term under the policy." [Doc. 24, pg. 2]. "Second," the Defendant argues, "Mr. Upchurch's death is listed as one of the exclusions under the policy." *Id.* Because these two claims rest upon the same basic argument, the Court will address them in unison.

Mutual of Omaha refers to the policy provision that defines an "injury" to include "bodily harm that results independent of sickness and all other causes." *Id.* at 6. The policy provides that "[i]njury means bodily harm which: (a) is the direct result of an accident or trauma that occurs while your policy is in force; and (b) results in loss independently of sickness and all other causes (except for sickness caused by injury)." *Id.* The Accidental Death Policy establishes that benefits may be denied in the event than an insured's death results "directly or indirectly from disease or bodily infirmity." *Id.* at 8.

Mutual of Omaha argues that because the death certificate lists "metastatic adenoid cystic

4

carcinoma" as the "immediate cause" of death, the death cannot be covered. It is not a "covered" injury and is excluded by the policy. But that argument gives too much weight to a death certificate at this stage in the proceedings. *See Duncan v. Minnesota Life Ins. Co.*, No. 3:17-CV-00025, 2020 WL 430958, at *8 (S.D. Ohio Jan. 28, 2020), *reconsideration denied*, No. 3:17-CV-00025, 2020 WL 1891703 (S.D. Ohio Apr. 16, 2020)(finding that the use of the term "accident" in a coroner's report is certainly not "automatically dispositive"). In any event, the death certificate describes Clayton Upchurch's death as both due to carcinoma and as a result of an accident. Mutual of Omaha argues that "[e]ven if Mr. Upchurch's death was due in part to his motorcycle accident, and even if the coroner checked that his death was an accident, the fact that the 'immediate cause' of death was 'metastatic adenoid cystic carcinoma' means that his death was not '[independent] of sickness and all other causes.'" [Doc. 26, pg. 7-8]. But that argument makes the death certificate dispositive and it is not, at least not given the other allegations outlined in the Amended Complaint.

Because this is a motion to dismiss for failure to state a claim and not a summary judgment motion, Plaintiff retains the benefit of the doubt with regard to all allegations contained within his complaint. *See, e.g.*, *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). And, in this action, the Court can reasonably infer that the serious accident on August 18, 2014, resulted in Plaintiff's death four days later. Indeed, the Amended Complaint alleges that Clayton Upchurch died as a result of his injuries he sustained in the accident. [Doc. 22, ¶ 8]. Whether Clayton Upchurch's death is a covered loss is not an issue the Court can resolve on a motion to dismiss for failure to state a claim. At present, Mutual of Omaha moved to dismiss this matter under a standard of legal analysis that obligates the Court to show great deference to Plaintiff's allegations. In other words, and in keeping with the same reasoning that "a judge may not grant a Rule 12(b)(6) motion

5

based on a disbelief of a complaint's factual allegations," a Court *may* decline a defendant's motion to dismiss precisely because it *does* find a logical basis on which to believe Plaintiff's allegations. *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995) (citing *Allard*, 991 F.2d at 1240; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990)).

This court need not entertain the merits of either party's claims related thereto beyond the initial inquiry into Plaintiff's complaint and its ability to withstand a Rule 12(b)(6) motion to dismiss. Fed.R.Civ.P. 12(b)(6). With respect to his claim against the policy, Plaintiff has supplied a legal claim for relief whose details are neither conclusory nor illusory. Accordingly, Mutual of Omaha's Motion to Dismiss Plaintiff's claim because the alleged injury did not result from an accident and is otherwise excepted from the Accidental Death Policy is **DENIED** [Doc. 24].

### 2. Failure to file proof of loss and timely file complaint under the policy

Defendant argues that the Court should also dismiss the Complaint because Clayton Upchurch's surviving relatives did not file a proof of loss [Doc. 26, pg. 2]. For this same reason, and in accordance with a separate-but-related policy provision relating to filing legal actions, Mutual of Omaha contends that Plaintiff is time-barred from bringing this lawsuit. *Id.* at 9 ("The 'Legal Actions' provision of the Accidental Death Policy states that any cause of action arising under the Accidental Death Policy must be brought within 3 years after the date that proof of loss is submitted.").

According to Mutual of Omaha, Upchurch's relatives simply failed to ever provide proof of their loss. *Id.* In particular, the decedent's policy provides that proof of loss must be submitted to Mutual of Omaha within ninety days of that loss, or, when "reasonably possible." *Id.* "In any case, proof must be furnished no later than 12 months . . . from the time otherwise specified, except in the absence of legal capacity." *Id.* To this end, and because the decedent's family never provided

6

this proof of loss, "Plaintiff [is] no longer eligible to receive benefits under the Accidental Death Policy." *Id.* As for the Accidental Death Policy's "Legal Actions" provision, Mutual of Omaha alleges that the entire matter is time-barred because "[t]he Accidental Death Policy required Plaintiff to bring suit nearly two years before this case was filed." *Id.* From Mutual of Omaha's perspective, the decedent's relatives never submitted proof of loss, and did not timely file this lawsuit. *Id.*

Because this is a motion alleging Plaintiff has failed to state a claim, the Court turns to the Amended Complaint. Plaintiff's Amended Complaint alleges that the "[t]he relatives of the decedent, pursuant to the terms of the policy, gave proper notice as required by said policy of insurance and complied in all particulars with the terms and condition [sic] of the policy." [Doc. 22, pg. 2]. For purposes of reviewing a Rule 12(b)(6) motion, the issue is whether the Plaintiff has alleged "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). With regard to the issue of proof of loss, Plaintiff has at least asserted a factual allegation which, if assumed to be true, would defeat the Defendant's argument for dismissal.

Mutual of Omaha's argument that Plaintiff failed to timely file this suit within the time allotted by the Accidental Death Policy meets a similar fate. Plaintiff has alleged that he complied with all conditions necessary to submit a timely claim under the policy. For the Court to find that he has not would require the Court to consider matters outside the pleadings, something the Court is generally prohibited from doing at this stage. To do so, the Court would have to treat the motion as a summary judgment motion. *See* Fed.R.Civ.P. 12(d). The Court declines to do so.

Accordingly, and notwithstanding the possibility that subsequent action might reveal dispositive evidence to the contrary, Plaintiff's allegations can withstand the Defendant's Motion

7

to Dismiss [Doc. 24]. Therefore, Defendant's motion to dismiss on this basis is also **DENIED**.

### 3. Plaintiff's Claims under the Tennessee Consumer Protection Act

The last of Defendant's claims is also their strongest: that Plaintiff has failed to state a claim under Tennessee's Consumer Protection Act ("TCPA") [Doc. 24]. Mutual of Omaha proffers two distinct reasons why Plaintiff's claim fails. *Id.* First, it argues the claim is time-barred "by the statute of limitations and statute of repose set out in Tenn. Code Ann. § 47-18-110." *Id.* And second, Mutual of Omaha argues, "[t]he TCPA claim also is not compliant with Rule 8 of the *Federal Rules of Civil Procedure* because it is merely a conclusory allegation." *Id.*

Plaintiff seeks treble damages for violations of the TCPA. He has alleged that Mutual of Omaha has "intentionally breached the contract, has not dealt in good faith with the plaintiff, that the defendant's accepted money for premiums and has woefully refused to pay pursuant to the policy terms even though said policy has been submitted to the insurance company for months." [Doc. 22, ¶ 13]. He alleges that Defendant is "guilty of deceptive trade practices" in violation of the Tennessee Consumer Protection Act, entitling him to treble damages [Doc. 22, ¶ 14].

The Sixth Circuit recently addressed whether a plaintiff can recover treble damages against an insurer. *Endrawes v. Safeco Ins. Co.*, 737 F. App'x 731, 735 (6th Cir. 2018). The case is *Endrawes* was removed to federal court based on diversity jurisdiction, that is, not only were the parties diverse, but the amount in controversy exceeded $75,000.00. The district court determined that removal was proper because the amount in controversy exceeded the $75,000 minimum. But it only exceeded that amount because the complaint had sought treble damages under the TCPA. It noted "the treble damages could be considered in calculating the amount in controversy, notwithstanding the dismissal of the TCPA claim, because Plaintiffs sought such damages 'at the time of removal.'" *Id.* The Sixth Circuit reversed, noting that "[i]n 2011, the Tennessee legislature

8

passed a statute [Tenn. Code Ann. § 56-8-113] that 'prohibits private causes of action in cases involving insurance claims.'" *Id.* (quoting *Riad v. Erie Ins. Exch.*, 436 S.W.3d 256, 269 (Tenn. Ct. App. 2013)). Tenn. Code Ann. § 56-8-113 provides that Titles 50 and 56 "shall provide *the sole and exclusive statutory remedies and sanctions applicable to an insurer* … for alleged breach of, or for alleged unfair or deceptive acts of or practices in connection with, a contract of insurance…." *Id.* The Sixth Circuit concluded that the insurance company could not rely on an element of damages to meet the amount in controversy requirement "for which the Plaintiffs are statutorily ineligible." *Id.* Treble damages were a "legal impossibility." *Id.*

In this case, Plaintiff's Amended Complaint alleges Mutual of Omaha "is guilty of deceptive trade practices all of which are in violation of the Consumer Protection Act," which Plaintiff contends entitle him to treble damages [Doc. 22, ¶ 14]. Thus, it appears that Plaintiff is pursuing a claim under the TCPA that has been preempted by Tenn. Code Ann. § 56-8-113. In fact, the Tennessee Court of Appeals noted that "[e]ffective April 29, 2011, the General Assembly established that the sole remedy for claims against insurance companies is under Tenn. Code Ann. § 56–8–113…." *Brooks v. Tennessee Farmers Mut. Ins. Co.*, No. M2013-02326-COA-R3CV, 2014 WL 6735129, at *4 fn. 6 (Tenn. Ct. App. Nov. 26, 2014). This conclusion is consistent with how other courts in this district have addressed the issue. *See Spring Place Church of God of Prophecy v. Bhd. Mut. Ins. Co.*, No. 1:13-CV-405, 2015 WL 12531988, at *3 (E.D. Tenn. Mar. 16, 2015)("According to Tenn. Code Ann. § 56–8–113, titles 50 and 56 of Tennessee's code are the only titles that contain statutory remedies for disputes arising from insurance agreements"). In *Spring Place Church of God,* the district court dismissed the plaintiff's TCPA because "the cause of action did not accrue until 2013, after the effective date of the statute…" *Id.* The middle district also interpreted Tenn. Code Ann. § 56-8-113 as eliminating "the TCPA as a viable cause of action

9

for disputes arising from the insurer-insured relationship because the TCPA is not contained in Title 50 or Title 56." *Montesi v. Nationwide Mut. Ins. Co.*, 970 F. Supp. 2d 784, 789 (W.D. Tenn. 2013).

Because Defendants did not raise this as an issue, Plaintiff has not had an opportunity to address it. Accordingly, the Court **DIRECTS** Plaintiff to address whether, considering Tenn. Code Ann. § 56-8-113, he may proceed with a claim under the TCPA against Mutual of Omaha. Plaintiff shall file a response by **October 19, 2020** or else his claim under the TCPA will be dismissed for failure to state a claim upon which relief can be granted.

### III.  CONCLUSION

For the foregoing reasons, Mutual of Omaha motion to dismiss for failure to state a claim is DENIED in part. Plaintiff shall file a response addressing whether he has a cause of action under the TCPA given the enactment of Tenn. Code Ann. § 56-8-113 by **October 19, 2020**.

SO ORDERED:

                                                             s/Clifton L. Corker
                                                              United States District Judge